# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GABRIEL M. ROBLES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RMS MANAGEMENT )<br>SOLUTIONS, LLC, et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 13-4100-KHV |

## MEMORANDUM AND ORDER

Gabriel M. Robles and Bonnie Robles bring suit, pro se, against RMS Management Solutions, LLC ("RMS") and Shawnee County Court Judge Berry, alleging civil rights violations for conspiring to deny plaintiffs money owed to them as tenants. Plaintiffs (1) seek damages against RMS, (2) contend that Judge Berry refused to hear their counterclaim or certify their notice of appeal and (3) ask for a stay of Judge Berry's judgment. See Civil Complaint (Doc. #1) and Plaintiff's Motion For Emergency Stay And/Or Vacate Judgment (Doc. #5) both filed August 29, 2013.

On September 11, 2013, Magistrate Judge K. Gary Sebelius ordered plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction and why plaintiffs' claims against Judge Berry should not be dismissed based upon immunity. See Notice And Order To Show Cause (Doc. #8). Plaintiffs filed a response to the show cause order. See Plaintiff's Response To Magistrates "Notice And Order To Show Cause" (Doc. #11) filed September 17, 2013. The Court has reviewed plaintiffs' response and the applicable law and rules as follows.

## Legal Standards

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the

proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiffs bear the burden of showing that jurisdiction is proper, id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

**Factual And Procedural Background**

Plaintiffs' claims stem from a judgment which evicted them from their residence. Plaintiffs allege that RMS conspired with Judge Berry, and that Judge Berry would not hear their counterclaim and refused to certify their appeal. The judgment issued on August 27, 2013.

**Analysis**

Magistrate Judge Sebelius appropriately recognized that this case calls into question subject matter jurisdiction under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (collectively "Rooker-Feldman"). The Rooker-Feldman doctrine expressly bars federal district courts from reviewing state court decisions because only the Supreme Court has jurisdiction to hear appeals from final state court judgments.[1] Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006). It provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the

---

[1] In their response to the magistrate judge's show cause order, plaintiffs do not address the Rooker-Feldman doctrine.

loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).[2]

This Court lacks jurisdiction to consider claims actually decided by a state court and claims that are "inextricably intertwined" with a prior state court judgment. Kenman Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002). In determining whether claims are inextricably intertwined, this Court must consider whether the state court judgment caused, both actually and proximately, the injury for which plaintiffs seek redress. If it did, no jurisdiction exists. See id. at 476. Thus, where plaintiffs concede that but for the judgment in state court, they would not have suffered the injury for which they seek redress in federal court, Rooker-Feldman bars the action. See Ritter v. Ross, 992 F.2d 750, 754-55 (7th Cir. 1993), cited with approval in Kenman Eng'g, 314 F.3d at 477. Plaintiffs assert that RMS has caused them injury but that Judge Berry's judgment precluded them from prosecuting their counterclaim to recover damages from RMS. Therefore, by their own description, plaintiffs' claims are inextricably intertwined with the state court judgment.[3] This Court lacks jurisdiction to hear plaintiffs' claims against defendants because the Rooker-Feldman doctrine bars the Court from reviewing the state-court judgment which caused the injury for which plaintiffs seek redress.[4] See Bear v. Patton, 451 F.3d 639, 642 (10th Cir. 2006).

---

[2] For Rooker-Feldman to apply, the state court proceedings must be concluded. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Plaintiffs assert that Judge Berry entered judgment and refused to certify their appeal. Accordingly, the state court proceedings have concluded.

[3] Federal district courts also lack subject matter jurisdiction to evaluate constitutional claims that are inextricably intertwined with a state court decision. Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1246 (D. Kan. 1998). Plaintiffs allege constitutional violations.

[4] Because the Court lacks subject matter jurisdiction, the Court will not address the alternative ground that Judge Berry is immune from suit under the Eleventh Amendment or under common law. If the Court were to address the issue, however, the Court would concur with the magistrate judge's suggestion that immunity applies. See Notice And Order To Show Cause
(continued...)

**IT IS THEREFORE ORDERED** that the complaint be and hereby is **DISMISSED** in its entirety for lack of subject matter jurisdiction.

Dated this 17th day of January, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4](...continued)
(Doc. #8) at 3 & ns. 11, 12.